**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  58957-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| RICHARD RAY BALL, | |
| Appellant. | |

PRICE, J. — Richard R. Ball appealed his conviction and sentence for first degree child molestation.  Ball raised several arguments, including that he was subjected to unconstitutional restraint during sentencing.  We affirmed Ball's convictions and determined, in relevant part, that Ball had waived his challenge to his restraint during sentencing.  Our Supreme Court vacated only the sentencing portion of our decision and remanded for us to reconsider Ball's challenge to his restraint during sentencing.  We reverse Ball's sentence and remand for resentencing.

FACTS

In November 2022, the State charged Ball with first-degree child molestation.  Following a bench trial, the trial court found Ball guilty as charged.[1]

At sentencing, Ball appeared in a holding cell that was located inside of the Cowlitz County Jail courtroom.  There was no discussion related to Ball appearing in the holding cell on the record.  Ball's standard sentencing range for the minimum term was 51-68 months.  After presenting victim

---

[1] The facts underlying Ball's conviction are not relevant to Ball's challenge to his restraint during sentencing.  The details of Ball's trial are set out in detail in our prior opinion and do not need to be repeated here. *See State v. Ball*, No. 58957-5-II (Wash. Ct. App. Nov. 25, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2058957-5-II%20Unpublished%20Opinion.pdf.

impact statements, the State argued for 68 months, the high end of the standard sentencing range for the minimum term. Ball argued for a midrange sentence of 60 months for the minimum term. The trial court adopted neither party's position; instead, it imposed 62 months as the minimum term with a maximum term of life.

Ball appealed and argued that the trial court subjected him to unconstitutional restraint during sentencing. In our previous opinion, we declined to consider Ball's challenge because he failed to object to the restraint at trial, and we concluded that the error was not a manifest error affecting a constitutional right that could be raised for the first time on appeal. *State v. Ball*, No. 58957-5-II, slip op. at 7-8 (Wash. Ct. App. Nov. 25, 2025) (unpublished). Our Supreme Court vacated only this portion of our opinion and remanded to us for reconsideration of "the issue related to sentencing from the holding cell." Order, *State v. Ball*, No. 105175-1 (Wash. July 1, 2026).

## ANALYSIS

Ball argues that his due process rights were violated when he appeared in an in-court holding cell for his sentencing hearing. Citing to our Supreme Court's recent decision in *State v. Luthi*, Ball argues that appearing in this in-court holding cell violated his right to "'appear in court free from unjustified restraints.'" Br. of App. at 22 (quoting *State v. Luthi*, 3 Wn.3d 249, 256, 549 P.3d 712, 716 (2024)). The State argues that any error in having Ball appear from the holding cell was "harmless error, based on the court's reasoning when imposing Ball's sentence, because the sentence would not change if resentencing were to occur." Br. of Resp't at 23-24. We reverse Ball's sentence and remand for resentencing.

"A defendant's right to appear in court free from unjustified restraints is well established as a matter of federal and state due process law." *Luthi*, 3 Wn.3d at 256. In *Luthi*, our Supreme Court held that the trial court's failure to conduct an individualized inquiry into the use of the

courtroom holding cell was a constitutional error. *Id.* at 263. The court explained, "it is apparent that the in-court holding cell at the Cowlitz County Jail courtroom is a restraint on defendants that undermines the presumption of innocence, the ability to consult with counsel, and the dignity of the proceedings" even when a jury is not present. *Id.* at 261. Ultimately, our Supreme Court "reject[ed] the routine practice of requiring defendants to appear from an in-court holding cell where there has been no individualized finding that such restraint is necessary for courtroom security reasons." *Id.* at 263.

Here, the trial court's failure to conduct any individualized inquiry into the use of the holding cell was a constitutional error. Although Bell was subjected to unjustified restraints that violated his due process rights, the State contends this error was harmless.

We presume that a constitutional error is prejudicial, and the State bears the burden of proving that the error was harmless beyond a reasonable doubt. *State v. Jackson*, 195 Wn.2d 841, 855-56, 467 P.3d 97 (2020). The State offers no argument as to harmlessness except for a single sentence asserting that, based on the court's reasoning at sentencing, the sentence would not change if we remanded for resentencing. Although the trial court imposed a standard range sentence for the minimum term, it still imposed a sentence two months higher than the mid-range sentence requested by Ball. And, as our Supreme Court recognized, there is no way to know how the constitutional violation may have affected the trial court "who may have been 'unconsciously prejudiced by the restraints at any point during the case.' " *Luthi*, 3 Wn.2d at 264 (quoting *Jackson*, 195 Wn.2d at 856). Accordingly, the State has not met its burden to prove the constitutional error was harmless.

CONCLUSION

We reverse Ball's sentence and remand for resentencing.

3

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, A.C.J.

We concur:

MAXA, J.

LEE, J.